IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Fi.... 

05 APR 22 PH 1: 4.

ROBERT R. Di~~~ 110
CLERK, U.S. DI .. CT.
W.D. OF TN, MEMPHIS

JERRY L. BILLINGSLEY, )
)
            Plaintiff, )
)
vs. )          No.    02-2920 BV
)
SHELBY COUNTY, et al., )
)
            Defendants. )

---

## ORDER DENYING PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT'S MOTION FOR A MENTAL EVALUATION OF THE PLAINTIFF

---

Before the court is the March 11, 2005 motion of the pro se plaintiff, Jerry L. Billingsley, in opposition to the defendants' motion for a mental examination.  The motion was referred to the United States Magistrate Judge for determination.  For the following reasons, Billingsley's motion is denied.

### BACKGROUND

On February 25, 2005, the defendants, Shelby County, Officer Jon Kirkland, and Officer J. Ford, filed a joint motion pursuant to Rule 35 of the Federal Rules of Civil Procedure requesting an independent mental examination of Jerry Billingsley.  In support of that motion, the defendants stated that Billingsley had placed his mental status at issue in the case by alleging that he suffered emotional injuries as a result of the perceived abuse by the defendants.  The defendants also offered deposition testimony from

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-25-05

150

Billingsley's psychiatrist that indicated that he may have suffered from a pre-existing mental illness prior to the alleged abuse.

Billingsley failed to raise any objections to the defendants' motion, and on March 5, 2005, United States District Judge J. Daniel Breen granted the defendants' motion thereby ordering Billingsley to submit to a mental examination to be held by Dr. William Wolters. On March 11, 2005, Billingsley filed this motion in opposition to the defendants' motion.

In the present motion, Billingsley contends that he consulted with counsel for the defendant prior to the filing of the joint motion and that the parties had agreed to a mental examination under certain conditions. Billingsley claims that the agreed upon conditions were not present in the court's order and that the selection of Dr. William Wolters as the psychiatrist to perform the examination would be prejudicial to his case. The defendants deny that the parties agreed to the terms or conditions of the examination.

<u>ANALYSIS</u>

The defendants' original motion complied with Rule 35 of the Federal Rules of Civil Procedure. Therefore, this court sees no reason to disturb Judge Breen's previous order granting the defendant's motion for a mental evaluation. Rule 35(a) states:

Order of Examination. When the mental or physical

2

> condition (including the blood group) of a party . . .,
> is in controversy, the court in which the action is
> pending may order the party to submit to a physical or
> mental examination by a suitably licensed or certified
> examiner . . . . The order may be made only on motion for
> good cause shown and upon notice to the person to be
> examined and to all parties and shall specify the time,
> place, manner, conditions, and scope of the examination
> and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).   Thus, if a parties mental state is at issue, the court has the authority to order a party to submit to a mental evaluation.

In this case, there is no doubt that Billingsley has placed his mental status at issue.   One of Billingsley's main allegations is that he suffered an emotional injury as a result of the alleged abuse by the defendants. Billingsley's own psychiatrist has testified that he may suffer from a pre-existing mental illness and has even suggested that Billingsley be evaluated by an independent psychiatrist.   Furthermore, Billingsley has not presented any evidence of how his case will be prejudiced if the examination is performed by Dr. William Wolters.

Consequently, Billingsley's motion in opposition to the defendants' request for a mental examination is denied.   In accordance with Judge Breen's previous order on this matter, the plaintiff is ordered to submit to a mental examination by Dr. William Wolter, Forensic Psychiatrist, at his office located at 3173 Kirby-Whitten, Suite 104, Memphis, Tennessee 38134, with the

scope of the examination being to determine a diagnosis of any psychiatric illness from which Billingsley is suffering and whether it may be related to offenses he contends were committed by the defendants. Billingsley is also ordered to provide Dr. Wolters with a full medical release authorizing the doctor to obtain copies of his medical records from his previous treating psychologists, psychiatrists, and other mental healthcare providers. Upon entry of this order, the defendants are to notify Billingsley of the specific time, manner, and conditions of the exam.

IT IS SO ORDERED this 21st day of April, 2005.

Diane K. Vescovo

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 150 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on April 25, 2005 to the parties listed.

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
8 S. Third St.
4th Floor
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT