IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRY L. BILLINGSLEY,            )
                                 )
        Plaintiff,               )
                                 )
vs.                              )   No.   02-2920 BV
                                 )
SHELBY COUNTY, et al.,           )
                                 )
        Defendants.              )

ORDER DENYING DEFENDANT JON KIRKLAND'S MOTION TO STRIKE
PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND THE AFFIDAVIT OF GREGORY WESTBROOK
AND
GRANTING MOTION TO STRIKE PLAINTIFF'S RESPONSE IN SUPPORT OF
PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANTS' JOINT MOTION FOR
A MENTAL EXAMINATION OF PLAINTIFF
AND
GRANTING DEFENDANT OFFICER JON KIRKLAND'S MOTION FOR A STATUS
CONFERENCE (NO. 147)

Before the court is the April 21, 2005 motion of the defendant Officer Jon Kirkland to strike from the record the following pleadings filed by the *pro se* plaintiff Jerry L. Billingsley: (1) Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment (No. 145); (2) the Affidavit of Gregory Westbrook (No. 145); and (3) Plaintiff's Response in Support of Plaintiff's Motion in Opposition of Defendants' Joint Motion for a Mental Examination of Plaintiff (No. 146). As grounds for the motion to strike, Officer Kirkland avers that the plaintiff's opposition to the defendant's summary judgment motion and the Westbrook affidavit in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05

(165)

support of the plaintiff's opposition were untimely served on Officer Kirkland on April 15, 2005, allegedly four days late, that the plaintiff's response in support of his motion in opposition to a mental exam is an improper pleading, and that the certificates of service on these documents inaccurately reflect earlier dates. Officer Kirkland also requests a status conference. U.S. District Judge J. Daniel Breen referred Officer Kirkland's motion to the United States Magistrate Judge for a determination. For the following reasons, the motion to strike is granted in part and denied in part, and the motion for a status conference is granted.

Officer Kirkland timely filed a motion for summary judgment on March 11, 2005. According to the certificate of service, Kirkland's motion for summary judgment was served on Billingsley on March 11, 2005 by mail. Responses to summary judgment motions are required to be filed within thirty days after service of the motion. Local Rule 7.2(a)(2). "Whenever a party . . . is required to do some act within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party [by mail], 3 days shall be added to the prescribed period." FED. R. CIV. P. 6(e). Thus, Billingsley had through April 13, 2005, to timely respond to Officer Kirkland's motion for summary judgment. Billingsley states in response to the motion to strike that he hand-delivered copies of the documents at

issue to defense counsel on April 14, 2005, by leaving them outside defense counsel's office after hours and that when he returned the next day the documents were still there. Accordingly to Billingsley's response, he then picked up the documents and hand-delivered them on April 15, 2005. All in all, the summary judgment response and affidavit were either one or two days late.

The rules of procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Given Billingsley's *pro se* status, his attempts to comply, and under the circumstances, the court finds that Billingsley's two-day late response should be considered by the court. Accordingly, Officer Kirkland's motion to strike Billingsley's response to the motion for summary judgment and the accompanying affidavit of Westbrook is denied. Billingsley is warned, however, that a certificate of service should reflect the actual date the document was hand-delivered or the date the document was placed in the mail.

Officer Kirkland's motion to strike Billingsley's response in support of his motion in opposition to a mental exam is denied as moot.

The request for a status conference is granted. A status conference will be held before Judge Vescovo on Friday, May 20, 2005, at 9:30 a.m. in Courtroom #5, Federal Building, 167 N. Main

St., Memphis, Tennessee.

    IT IS SO ORDERED this 11th day of May, 2005.

                                                _____
                                                DIANE K. VESCOVO
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 165 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT