IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY L. BILLINGSLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   02-2920 BV |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DENYING PLAINTIFF'S SECOND MOTION TO STRIKE DEFENDANT
OFFICER JON KIRKLAND'S SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES
(NO. 147)

---

Before the court is the April 19, 2005 motion of the plaintiff, Jerry L. Billingsley, proceeding *pro se*, entitled "Pro Se Plaintiff's Objection, to Defendant's Rule 26(a)(1) and Motion for Clarification, on How to Proceed, and Remedy." U.S. District Judge J. Daniel Breen construed the motion as an objection and motion to strike the defendant's supplemental Rule 26(a)(1) disclosures that were presented on or about February 25, 2005. The plaintiff contends the supplemental disclosures contain the names of individuals who were not previously disclosed to him and whom he has not had an opportunity to depose.  The motion was referred to the United States Magistrate Judge for a determination.  For the following reasons, the motion is denied.

Billingsley filed his first motion in opposition to the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05



defendant Jon Kirkland's supplemental disclosures on March 9, 2005. The court treated the first motion as a motion to strike and denied the motion because the certificate of service filed by Billingsly was defective and Billingsley failed to attach his discovery requests and Officer Jon Kirkland's initial and supplemental disclosures to the motions.

Billingsley has again failed to attach Officer Jon Kirkland's supplemental disclosures to his current motion. Nor has Billingsley sufficiently explained to the court why he would be prejudiced if not permitted to depose the individuals named in Kirkland's supplemental disclosures. Consequently, the court is unable to determine the number of individuals named in the supplemental disclosures who were not previously disclosed, the nature of the relevant information possessed by these individuals, whether the information possessed by these individuals was available through other sources, and what prejudice, if any, would result to the plaintiff if these individuals were not deposed. In addition, Billingsley had failed again to consult with defense counsel before filing his motion.

Accordingly, Billingsley's motion is denied.

IT IS SO ORDERED this 11th day of May, 2005.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 166 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT