IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 13 PM 2: 27

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

JERRY L. BILLINGSLEY,

    Plaintiff,

v.                      No. 02-2920 B

SHELBY COUNTY DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

---

ORDER DENYING MOTION OF DEFENDANT FORD FOR SUMMARY JUDGMENT

---

On December 3, 2002, the Plaintiff, Jerry L. Billingsley, brought this action against various municipal and individual defendants alleging violation of his constitutional rights during his incarceration at the Shelby County Jail in Memphis, Tennessee (the "Jail"). Before the Court is the motion of the Defendant, John Ford, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part that

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-14-05

207

pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

Although the complaint does not identify the statutory basis therefor, claims alleging violation of civil rights under the constitution are governed by 42 U.S.C. § 1983, which imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law."[1] Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F.Supp.2d 1353, 1357 (W.D. Tenn. 2001).

While the complaint filed by the pro se Plaintiff in this case is not a model of clarity, it appears from a review of the pleading, as well as the Plaintiff's response to the instant motion, that

---

[1] As there does not appear to be any question about whether Ford was a "state actor" for purposes of § 1983, the Court will focus only on the alleged deprivation of a constitutional right.

2

Billingsley avers that Ford, a Shelby County deputy, was at the time the incident complained of occurred employed at the Jail, where the Plaintiff was an inmate. Billingsley alleges that Ford assaulted him on two occasions and, thereby, violated his rights under the Eighth and Fourteenth Amendments.[2]

Specifically, the Plaintiff maintains that, after he was returned to the facility from a visit to the hospital emergency room for a back injury, Ford arrived at his cell door and made derogatory statements to him. Then, the Defendant allegedly reached into Billingsley's cell and struck him on the face and head with three bars of soap while he lay on his bed. The second attack occurred, according to the Plaintiff, after he had returned to the Jail from a week-long stay in the hospital. Ford entered his cell while another jailer acted as lookout. It is alleged that the Defendant struck him in the face and head with his fist, and then ran into the hallway, bragging to his fellow officers that he had "hit that f---ing b---ch."

In support of his contentions, Billingsley has submitted to the Court the affidavit of fellow inmate Antonio Herron, who stated that he witnessed deputy jailers entering the Plaintiff's cell and heard noises indicating an attack. (Pl.'s Mot. in Opp'n of Def. John Ford's Mot. for Summ. J., Ex. (Aff. of Antonio Herron ("Herron Aff.") at ¶ 6.) Afterward, he recalled observing Ford running out of Billingsley's cell into the hallway and bragging about the attack to other deputy jailers. (Herron Aff. at ¶¶ 8-9.) In an affidavit attached to the motion, Ford denies the acts complained of took place.

---

[2]The Plaintiff also alleged in his complaint violations of the Fifth Amendment by the Defendants. As a consequence and, it appears, out of an abundance of caution, Ford seeks summary judgment as to Billingsley's claims under the Fifth Amendment. However, in his response, the Plaintiff mentions only his claims under the Eighth and Fourteenth Amendments. The Court assumes, therefore, that the Plaintiff either did not intend to direct his Fifth Amendment claim to this Defendant, or he has abandoned it. In any case, to the extent the Plaintiff has stated a claim against Ford under the Fifth Amendment, it is DISMISSED.

The Eighth Amendment prohibits the use of "cruel and unusual punishments" (U.S. Const. amend. VIII) and is applicable to the states by virtue of the Fourteenth Amendment. See Roper v. Simmons, ___ U.S. ___, 125 S.Ct. 1183, 1190, 161 L.Ed.2d 1, 73 U.S.L.W. 4153 (No. 03-633) (U.S. Mar. 1, 2005). "It is well settled that the unjustified infliction of bodily harm upon a prisoner by a correctional officer gives rise to liability under § 1983." Lince v. Youngert, 136 F.App'x 779, 784 (6th Cir. 2005). In analyzing a claim under the cruel and unusual punishment clause, the Court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002) (citing Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

> The maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law; however, a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain. Factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

Id. at 556-57 (citing Hudson, 503 U.S. at 7, 112 S.Ct. 995 and Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995)) (internal citations and quotation marks omitted). In this case, viewing the evidence in the light most favorable to the Plaintiff, there is little doubt a finder of fact could reasonably conclude the alleged unprovoked attacks on the Plaintiff by a jailer with fists and bars of soap were unnecessary and wanton and, therefore, in violation of the Eighth Amendment.[3]

---

[3] It appears from his submissions that the Plaintiff's Fourteenth Amendment claims are indistinguishable from those brought under the Eighth. As claims of cruel and unusual punishment are to be analyzed under the Eighth Amendment, the Plaintiff's Fourteenth Amendment claim against Ford is hereby DISMISSED. See Billingsley v. Shelby County Dep't of Corr., No. 02-2920B, 2004 WL 2757915, at *5 (W.D. Tenn. Nov. 24, 2004) (citing Smith v.

4

The Defendant's argument that any injury the Plaintiff may have suffered was *de minimis* and, therefore, insufficient to establish a constitutional violation is unavailing. While a *de minimis* use of force is not actionable, even minor injury is sufficient to permit recovery. Kryling v. Sealscott, No. 98-3470, 1999 WL 644354, at *1 (6th Cir. Apr. 17, 1999) (citing Hudson, 503 U.S. at 10, 112 S.Ct. 995)). In this Court's view, a reasonable factfinder could determine that the actions alleged here constituted more than a *de minimis* use of force. For the reasons articulated herein, the motion for summary judgment is DENIED.

IT IS SO ORDERED this 13th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

Cochran, 339 F.3d 1205, 1210 n.2 (10th Cir. 2003)).

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 207 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on October 14, 2005 to the parties listed.

---

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT