IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRY L. BILLINGSLEY,

    Plaintiff,

v.                                      No. 02-2920 B

SHELBY COUNTY DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

---

## ORDER GRANTING MOTION OF DEFENDANT SHELBY COUNTY FOR SUMMARY JUDGMENT

---

On December 3, 2002, the Plaintiff, Jerry L. Billingsley, brought this action against various municipal and individual defendants alleging violation of his constitutional rights[1] during his incarceration at the Shelby County Jail in Memphis, Tennessee (the "Jail"). Before the Court is the motion of the Defendant, Shelby County, Tennessee (the "County"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part that

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light

---

[1] In his complaint, Billingsley alleged violations of the Fifth, Eighth and Fourteenth Amendments. However, as he has made no mention of the Fifth Amendment claim in his response to the dispositive motion, the Court assumes that he has abandoned any claim he may have had thereunder as to the County.

most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

Although the complaint does not identify the statutory basis therefor, claims alleging violation of civil rights under the constitution are governed by 42 U.S.C. § 1983, which imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F.Supp.2d 1353, 1357 (W.D. Tenn. 2001).

Billingsley avers that when he arrived at the Jail he was placed in a one-man cell with a

2

"mentally challenged" inmate who behaved oddly and who had "torn up" the bed and deposited urine, feces and toilet paper all over the floor. He complained to the officers on duty, who told him that cell assignments were made by the Jail administration and that they would get someone to look into it. According to the Plaintiff, he was not moved to another cell until three days later, after he was beaten by the cellmate, resulting in a back injury. After the assault, Billingsley was taken to the hospital for treatment. Apparently during the transport of the Plaintiff between the Jail and the hospital, rough treatment by the County's Direct Response Assault Team caused him to strike his head on the steel bars of a cell door, exaggerating his injuries. The Plaintiff also complains that he was not offered medical treatment immediately after the assault by his cellmate and that any medical care received during the first visit to the hospital was compromised by the transporting officers, who informed the doctors there was nothing wrong with him. He avers that, during a second trip to the medical facility, he was assaulted by Officer Jensen, an employee of the County Sheriff's Department, who violently choked him while he was asleep in his bed, causing him to cry and nearly rendering him unconscious.[2] Upon his return to the Jail, Defendant John Ford allegedly struck him with a bar of soap in the face and head while he was in his cell.

The Eighth Amendment prohibits the use of "cruel and unusual punishments" (U.S. Const. amend. VIII) and is applicable to the states by virtue of the Fourteenth Amendment. See Roper v. Simmons, ___ U.S. ___, 125 S.Ct. 1183, 1190, 161 L.Ed.2d 1, 73 U.S.L.W. 4153 (No. 03-633) (U.S.

---

[2]The Plaintiff also claims for the first time in his response to the dispositive motion that he was "misclassified" and detained for four days beyond his release date, during which he was intimidated, interrogated, and denied basic necessities. This claim will not be considered by the Court as an amendment to a complaint is to be sought pursuant to Rule 15 of the Federal Rules of Civil Procedure. A response to a dispositive motion is not the proper vehicle for such action, as it offers the opposing party no opportunity to respond to the new claim.

Mar. 1, 2005).³ In analyzing a claim under the cruel and unusual punishment clause, the Court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002) (citing Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

> The maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law; however, a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain. Factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

Id. at 556-57 (citing Hudson, 503 U.S. at 7, 112 S.Ct. 995 and Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995)) (internal citations and quotation marks omitted).

In cases challenging prison conditions, the clause "forbids conditions that involve the 'wanton and unnecessary infliction of pain,' or are 'grossly disproportionate to the severity of the crime.'" Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). In order to prevail, a plaintiff must show that "(1) a single, identifiable necessity of civilized human existence is being denied" and "(2) the defendant prison official acted with a sufficiently culpable state of mind." Id. "Harsh and uncomfortable prison conditions do not automatically create" a constitutional violation. Id. Nor does negligent exposure to a risk of harm. Id. Rather, the plaintiff must establish that prison officials acted with "deliberate

---

³The Eighth Amendment applies to convicted inmates while the Fourteenth Amendment offers the same protections to pretrial detainees. The analysis under either amendment is the same. See Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001), reh'g denied (Jan. 11, 2002).

4

indifference," which has been "interpreted to require an inmate plaintiff to show that prison official defendants acted with a reckless disregard for a known risk of serious harm to the prisoner." Jarriett v. Wilson, 414 F.3d 634, 643 (6th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

> The standard includes both objective and subjective components. First, the deprivation of Eighth Amendment rights must be sufficiently serious such that the prison officials' acts or omissions objectively result in the denial of the minimal civilized measure of life's necessities. Second, the prison officials must have acted with a sufficiently culpable state of mind. In other words, a prison official must know of and disregard an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. (internal citations and quotation marks omitted). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot . . . be condemned as the infliction of punishment." Farmer, 511 U.S. at 838, 114 S.Ct. at 1979.

Local governments such as the County are considered "persons" for purposes of § 1983. Holloway v. Brush, 220 F.3d 767, 772 (6th Cir. 2000). This does not mean, however, that municipalities are "liable for every misdeed of their employees and agents." Alkire v. Irving, 330 F.3d 802, 814-15 (6th Cir. 2003) (quoting Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Instead, the Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Comm'rs of Bryan County,' Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. at 694,

98 S.Ct. at 2027); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 1298-99, 89 L.Ed.2d 452 (1986); and City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989)).

"[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 404, 117 S.Ct. at 1388 (citing Monell, 436 U.S. at 690-91, 98 S.Ct. at 2035-36).

> A "custom" for purposes of Monell liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" must include deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-08 (6th Cir. 1996) (internal quotation marks and citations omitted). A plaintiff must, in order to show a custom or policy, adduce specific facts in support of his claim. Conclusory allegations will not lie. Culberson v. Doan, 125 F.Supp.2d 252, 263-64 (S.D. Ohio 2000). "Municipal liability may attach for policies promulgated by the official vested with final policymaking authority for the municipality." Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005) (citing Pembaur). "A municipal 'custom' may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." Memphis, Tenn. Area Local, Am. Postal Workers Union v. Memphis, 361 F.3d 898, 902 (6th Cir. 2004). Under appropriate circumstances, even a single incident of unconstitutional activity may be sufficient to establish municipal liability. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

It is not enough, however, for a § 1983 plaintiff to identify conduct attributable to a

6

municipality. Rather,

> [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Brown, 520 U.S. at 404, 117 S.Ct. at 1388 (emphasis in original). Thus, to recover, a plaintiff

> must show that his civil rights were violated pursuant to and as a direct result of the [county's] official policy or custom. The burden in this regard requires a showing that the unconstitutional policy or custom existed, that the policy or custom was connected to the [county], and that the policy or custom caused his constitutional violation.

Napier v. Madison County, Ky., 238 F.3d 739, 743 (6th Cir. 2001) (internal citations omitted).

Cases involving an "inaction" theory based upon the municipality's alleged failure to investigate and act on inmate complaints require the plaintiff to demonstrate:

> (1) the existence of a clear and persistent pattern of [unconstitutional activity];
> (2) notice or constructive notice on the part of [officials];
> (3) [officials'] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
> (4) that the [officials'] custom was the "moving force" or direct causal link in the constitutional deprivation.

Doe, 103 F.3d at 508; Weaver v. Tipton County, Tenn., 41 F.Supp.2d 779, 789 (W.D. Tenn. 1999). The evidence must show that "the need to act is so obvious that the [officials'] 'conscious' decision not to act can be said to amount to a 'policy' of deliberate indifference to [plaintiff's] constitutional rights." Doe, 103 F.3d at 508 (citing Canton, 489 U.S. at 389, 109 S.Ct. at 1205). A plaintiff "must show prior instances of unconstitutional conduct demonstrating" that the municipality has "ignored a history of abuse" and was "clearly on notice" that its procedures in a particular area were deficient and that such deficiencies could likely lead to harm. Fisher v. Harden, 398 F.3d 837, 849 (6th Cir.

7

2005). "Deliberate indifference is a stringent standard of fault." Id. (citation omitted).

The basis for the County's motion for summary judgment is that the Plaintiff has failed to establish the existence of a municipal policy supporting liability. With respect to his claims concerning the attacks by Defendant Ford and Deputy Jensen[4] and the injury allegedly caused by the Direct Response Assault Team, even assuming a constitutional violation occurred, liability may only attach to the County upon a showing that the acts took place pursuant to a policy or custom of the municipal Defendant. In support of its motion, the County has offered the affidavit of Chief Jailer James Coleman, who stated that the County Sheriff's Department at no time "trained, advised, or encouraged any deputy jailer to throw soap at any inmate or detainee of the Jail" or "trained, advised, or encouraged any deputy jailer to physically beat or abuse any inmate or detainee of the Jail." (Mem. in Supp. of Def. Shelby County's Mot. for Summ. J., Ex. (Aff. of James Coleman ("Coleman Aff.") at ¶¶ 4-5. He further denied any policy or custom on the part of the County by which jailers were permitted or encouraged to physically abuse inmates. (Coleman Aff. at ¶ 6.) Billingsley has identified no such policy or custom; instead, his contentions reflect only the misdeeds of the individual officers involved, which are insufficient to impose liability on the County. See Monell, 436 U.S. at 694, 98 S.Ct. at 2037. As for his allegations that his complaints about ill treatment were ignored, the Plaintiff has failed to offer any evidence, as he must, that there was a "clear and persistent pattern of" violations or "tacit approval" of the alleged conduct by a policymaker. See Doe, 103 F.3d at 508. Lastly, the Court turns to Billingsley's averment that the County was deliberately indifferent to his serious medical needs. In support of his claim, he offers the affidavit of fellow inmate Antonio Herren, who stated that, after the attack by Ford, no medical attention was

---

[4] Jensen was never made a party to this lawsuit.

8

given to the Plaintiff. (Aff. of Antonio Herren at ¶ 10.) However, "an inmate who argues that a delay in medical treatment amounted to an Eighth Amendment violation must place verifying medical evidence in the record to establish the detrimental effect of the delay." Jarriett, 414 F.3d at 643 (citations and internal quotation marks omitted). As the Plaintiff has proffered no such evidence, his claim cannot stand.

For the reasons articulated herein, the motion of the Defendant Shelby County for summary judgment is GRANTED. Accordingly, the Plaintiff's claims against this Defendant are dismissed in their entirety.

IT IS SO ORDERED this 17th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 208 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT