FILED BY ___ D.C.

05 OCT 19 AM 11: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRY L. BILLINGSLEY,

    Plaintiff,

v.                        No. 02-2920 B

SHELBY COUNTY DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

## ORDER DENYING SECOND MOTION OF DEFENDANT KIRKLAND FOR SUMMARY JUDGMENT

On December 3, 2002, the Plaintiff, Jerry L. Billingsley, brought this action against the municipalities of Memphis and Shelby County, Tennessee, along with various individual officers, including Jon Kirkland,[1] for violation of his constitutional rights under the Fifth, Eighth and

---

[1] The Plaintiff's allegations against Defendant Kirkland are as follows:

Approximately December 4th, I was taken to the MED Holding. While there, a Memphis police officer aimed his weapon at me & had it trained on me for about 15-20 seconds. I was chained to my seat & was not a verbal or physical threat of any kind to the officer or anyone else. I tried to report it to the Internal Affairs Division of the Memphis Police Department. I was told by Officer Burton at Internal Affairs that he officer could draw his firearm on me & there's nothing I can do about it. I spoke with Officer Kirkland's supervisor, which was Captain Newt Morgan. Captain Morgan stated that the latter statement about an officer being able to point his firearm at an inmate was a lie. Then Captain Morgan directed me to Director Crews, who told me he would look into it. I haven't heard from him since our meeting on September of 2002. I reported the incident to Director Crews in person.

When Officer Kirkland drew his weapon, I feared for my life & sometime I can see Kirkland with his gun drawn & aimed at me.

(Compl. at (unnumbered) 4-5.)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-19-05



Fourteenth Amendments during his incarceration. In an order entered November 24, 2004, this Court ruled on a previous motion by Kirkland for summary judgment, in which it granted the motion as to the Plaintiff's Fifth Amendment claim and denied it as to the remainder. The Court based its finding on the facts that Kirkland did not deny that the alleged incident occurred and, viewing the evidence in the light most favorable to the Plaintiff, a reasonable juror could conclude that "waving a gun in the face of a shackled inmate without provocation was malicious and sadistic," in violation of the Constitution. (Order Granting Mot. of Def. City of Memphis for Summ. J. and Denying Mot. for Summ. J. of Def. Kirkland at 12.) By extension, the Court further determined that Kirkland was not, based on the evidence before it, entitled to qualified immunity.

On March 11, 2005, Kirkland filed a second motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which is currently before the Court for disposition. For purposes of judicial economy, the Court will not reiterate here the standard for determining motions under Fed. R. Civ. P. 56 or the caselaw relevant to allegations of excessive force pursuant to the Eighth and Fourteenth Amendments in actions brought under 42 U.S.C. § 1983.

In the instant motion, the Defendant again contends that the Plaintiff has failed to bring forth significant, probative evidence to support his claims. In support of his position, he offers another affidavit in which he specifically denies that he pointed his weapon at Billingsley. (Mem. in Supp. of Def., Officer Jon Kirkland's Mot. for Summ. J., Ex. B (Aff. of Jon Kirkland ("Kirkland Aff.") at ¶ 5.) He also stated as follows:

> On December 4, 2001, an incident did occur in the MED holding area that required the use of force by a Shelby County Deputy. Another Memphis Police Officer and I were asked to assist during that disturbance. . . .
>
> The disturbance that occurred in the MED holding area on December 4, 2001,

2

> involved an inmate who had become abusive towards medical personnel. When a Shelby County Deputy attempted to isolate this inmate from the others in MED holding by moving him to another area called "the tank," a struggle occurred between the deputy and the inmate, and the inmate was sprayed with a chemical agent by the deputy. The deputy was having trouble controlling the inmate while placing him in the tank and asked for assistance from another Memphis Police Officer and myself . . .

(Kirkland Aff. at ¶¶ 6-7.)

He also points to an alleged inconsistency in Billingsley's accounts of the incident, comparing the Plaintiff's deposition testimony to the effect that he told Memphis Police Department Internal Affairs Division Detective O. Harris that "while at The Med, a Memphis police officer, Officer Kirkland, pulled his weapon on [Billingsley] and trained it on [him] for about 15 to 20 seconds." (Mem. in Supp. of Def., Officer Jon Kirkland's Mot. for Summ. J., Ex. A (Dep. of Jerry Leon Billingsley ("Billingsley Dep.") at 89.) He acknowledged that a written statement was prepared based upon his interview with Harris and that it reflected his accusation concerning Kirkland. (Billingsley Dep. at 90.) However, a copy of the statement submitted to the Court by the Defendant contains the following version of events:

> . . . Officer Jones ah had myself and ah, he had myself and if I'm not mistaken a Gregory Westbrook . . . Mr. Andrew Tyson . . . either one or two of these gentlemen. He had us in ah we witnessed an altercation where he had to use force to restrain an inmate and an MPD officer pulled his gun and Officer Jones thought that we were saying, we said that he pulled his gun. Officer Jones did not have a gun on him, but MPD pulled his gun. We didn't say anything about it. Officer Jones just started bein rude and abrupt with us and I asked the guy just to be cool and don't give um an excuse to do any thing else.

(Mem. in Supp. of Def., Officer Jon Kirkland's Mot. for Summ. J., Ex. C (Statement of Jerry Billingsley at 18.) When confronted with the statement in his deposition, Billingsley explained that it was not accurate and that there was a "corrected" copy, which, according to the Defendant, the

3

Plaintiff failed to produce after offering to do so. Kirkland also charges the Plaintiff made inconsistent and/or contradictory statements concerning documents he allegedly filed with the citizen review board, pictures from a photo line-up in which he identified Kirkland that he failed to provide as promised, and what he in fact was told by officers in the internal affairs division.

Kirkland argues that these contradictions are consistent with the diagnosis of delusional disorder and paranoid personality. To bolster his claim, the Defendant has submitted the deposition testimony of Dr. Robert D. Fink, who stated that previous doctors who had treated Billingsley had diagnosed him as suffering from those disorders. When asked hypothetically how as a physician he would be able to "tell whether or not the patient's history as they're relating it . . . is fact or fiction," the deponent replied that

> [w]ell, sometimes these themes develop not only just in one area of a person's life but over time you will see that multiple areas they will develop fixed delusions in other situations from things unrelated to the initial things that they developed delusions about. After a while, although these things are sometimes seen, as I said, very systematized, at times very logical, oftentimes over time what happens is that rather systematized, logical kinds of beliefs that are discussed could become over time filled with inconsistencies, filled with things which simply cannot be tied together. And so after a while what happens is that the system which was initially presented which seemed extremely believable over time does not seem so believable any longer.

(Mem. in Supp. of Def., Officer Jon Kirkland's Mot. for Summ. J., Ex. F (Dep. of Robert D. Fink, M.D., P.C. ("Fink Dep.") at 19.) However, the physician also stated that "there has not been any specific reporting of information which would suggest to me that with any certainty I could say that he is delusional or with any certainty I could say that he is paranoid." (Fink Dep. at 17.)

In support of his opposition to summary judgment, the Plaintiff proffers the following deposition testimony:

A:   . . . after Officer Jones had had the situation in control and broke it up,

4

> Kirkland came out of the control room with his gun -- with his gun drawn on me.
>
> Q:   While there's an incident going on?
>
> A:   No. The incident was pretty much over. Officer Jones had handled the incident.
>
> Q:   Was Officer Kirkland involved in that incident?
>
> A:   No. Officer Kirkland was not involved in that incident. Officer Kirkland was in the control room. He came out of the control room --

(Billingsley Dep. at 75.)

The Plaintiff also submits the affidavit of fellow inmate Gregory Westbrook, who offered in his affidavit that

> [he] was shackled to the same bench different seat than the one Plaintiff was chained to.
>
> [He] witnessed the Memphis Police Officer coming out of the office door and training his gun/weapon on Jerry Billingsley and making eye to eye contact with Jerry Billingsley.
>
> Jerry Billingsley was shackled by his feet and hands to the bench and was not doing or saying anything for the Officer to train his weapon on Jerry Billingsley.
>
> The Memphis Police Officer trained his gun/weapon on Jerry Billingsley for a obvious and noticeable amount of time.
>
> After training the weapon on Jerry Billingsley, the Memphis Police Officer then turn into the office with gun/weapon in hand.

(Pl.'s Mot. in Opp'n of Def. Jon Kirkland's Mot. and Mem. for Summ. J., Ex. (Aff. of Gregory Westbrook at ¶¶ 5, 8-11.)

Viewing, as it must, the evidence presented in the light most favorable to the Plaintiff, the Court again finds that a genuine question of material fact exists as to whether excessive force was

5

used by Defendant Kirkland against Billingsley in violation of the Constitution and as to whether the officer is entitled to qualified immunity. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 18th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 209 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on October 19, 2005 to the parties listed.

---

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT