IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JERRY L. BILLINGSLEY,

    Plaintiff,

v.

No. 02-2920 B

SHELBY COUNTY DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

---

ORDER DENYING DEFENDANT KIRKLAND'S MOTION FOR
RECONSIDERATION OF ORDER DENYING SECOND MOTION
FOR SUMMARY JUDGMENT

---

Before the Court is the motion of the Defendant, Jon Kirkland, to reconsider, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court's denial of his second motion for summary judgment on October 18, 2005.

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). In the instant motion, the Defendant argues that alteration or amendment of the Court's judgment is appropriate under the second circumstance--that is, to account for new evidence not available when the Court made its October 18 ruling.

The pro se Plaintiff, Jerry Billingsley, has alleged that Kirkland a Memphis, Tennessee police

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-6-05



officer, waved a gun in his face while, as an inmate at the Shelby County jail, he was shackled to a bench during a visit to a medical facility. The Court denied the Defendant's second motion for summary judgment, concluding that "[v]iewing, as it must, the evidence presented in the light most favorable to the Plaintiff, the Court again finds that a genuine question of material fact exists as to whether excessive force was used by Defendant Kirkland against Billingsley in violation of the Constitution and as to whether the officer is entitled to qualified immunity." (Order Denying Second Mot. of Def. Kirkland for Summ. J. at 5-6.)

The new evidence referred to by the Defendant consists of results of a mental evaluation of the Plaintiff conducted by Dr. William Wolters, a forensic psychiatrist, which was not available prior to the Court's original decision. Dr. Wolters diagnosed Billingsley with delusional disorder, paranoid personality disorder and conversion disorder. The Defendant maintains that, based upon Dr. Wolters' opinion that these disorders affected the Plaintiff's ability to comprehend reality and correctly interpret experiences, his allegations against Kirkland cannot be believed. Thus, the argument goes, "[g]iven Plaintiff's diagnosed psychiatric disorders, Defendant Officer Kirkland submits Plaintiff will be unable to meet his burden of proof at trial, and Defendant Kirkland is therefore entitled to judgment as a matter of law." (Def., Officer Kirkland's Mot. for Reconsideration of the Order Denying Def.'s Second Mot. for Summ. J. at 2.)

The Court notes the Defendant has cited no cases in support of his position that this type of evidence militates a finding for summary judgment. Rather, it is the view of the Court that, as the proffered evidence goes to the credibility of the Plaintiff's testimony, it is for the jury to determine whether Billingsley's version of the relevant events lacks credence. Fisher v. Wellington Exempted Village Schs. Bd. of Educ., 223 F.Supp.2d 833, 855 (N.D. Ohio 2001), reconsideration denied (Jan.

2

24, 2002) (questions of credibility are to be decided by the jury, not the court).

For the reasons set forth herein, the motion for reconsideration is DENIED.

IT IS SO ORDERED this 5th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 215 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on December 6, 2005 to the parties listed.

---

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Honorable J. Breen
US DISTRICT COURT