IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ᴅᴄ D.C.
05 DEC -8 PM 4: 02
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

JERRY L. BILLINGSLEY,

    Plaintiff,

v.                                                        No. 02-2920 B

SHELBY COUNTY DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

---

### ORDER OVERRULING OBJECTIONS OF THE PLAINTIFF AND AFFIRMING THE ORDER OF THE MAGISTRATE JUDGE ON MOTION TO CLARIFY CASE AS NONJURY

---

On May 20, 2005, the magistrate judge issued an order on the motion of the Defendants, Shelby County, Tennessee; John Ford and Jon Kirkland, to clarify that this case is set for a non-jury trial. Therein, the magistrate judge confirmed that this matter shall be tried without a jury. The basis for the magistrate judge's finding was that there was no evidence in the record to suggest that any party requested a jury trial. Thus, the provision of Rule 38 of the Federal Rules of Civil Procedure stating that "failure to serve and file a [written] demand [for a jury] . . . constitutes a waiver by the party of a trial by jury" militated in favor of a non-jury adjudication of this case.[1] See Fed. R. Civ. P. 38(d).

---

[1] Rule 38 instructs that

> [a]ny party may demand a trial by jury of any issue triable by right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

Fed. R. Civ. P. 38(b).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-12-05



The pro se Plaintiff, Jerry L. Billingsley, filed objections to the order, to which the Defendants have responded. Pursuant to Fed. R. Civ. P. 72, upon the filing of objections, the district court judge is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 746 (1948).

In his objection, the Plaintiff does not aver that compliance with Rule 38 in fact occurred, but instead suggests that he intended to have a jury trial and understood that to be the case. Pursuant to the Rule, "[w]here a party has a right to trial by jury, he must demand one within ten days of the last pleading; otherwise a jury trial is deemed waived." Moody v. Pepsi-Cola Metro. Bottling Co., Inc., 915 F.2d 201, 207 (6th Cir. 1990), reh'g denied (Nov. 6, 1990); Fed. R. Civ. P. 38. Waiver of trial by jury "is complete and binding even though it may have been inadvertent and unintended." Cook v. Cleveland St. Univ., 13 F.App'x 320, 322 (6th Cir. 2001), cert. denied, 535 U.S. 1034, 122 S.Ct. 1790, 152 L.Ed.2d 650 (2002) (citing Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 203 (6th Cir.1986)). The pro se status of the party desiring a jury trial does not affect the requirements of the Rule. See Riddle v. McGinnis, No. 97-1921, 1998 WL 898834, at *1 (6th Cir. Dec. 16, 1998) ("Riddle waived his right to a jury trial by failing to make a timely demand [under]. Fed. R. Civ. P. 38(d)[; t]herefore, his appeal on this issue is without merit.").

Thus, as it appears that a demand in accordance with Rule 38 was not made, the Court cannot find the magistrate judge's conclusion was clearly erroneous or contrary to law. Consequently, the appeal is DENIED and the order of the magistrate judge is AFFIRMED.

IT IS SO ORDERED this 8th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 216 in case 2:02-CV-02920 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Jerry L. Billingsley
1670 Altavista
Memphis, TN 38127

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT